# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
**NO. 03-05-00235-CV**
---

**In the Matter of E. G.**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-21, 524, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**
---

## O P I N I O N

E.G., a juvenile, appeals from the trial court's order modifying his probation by extending his probation and placing him in secure confinement at the Hays County Juvenile Center (referred to by the trial court as the Hays County Boot Camp). E.G. contends that the trial court abused its discretion in placing him in secure confinement because such a placement is governed by section 54.04(n) of the family code and the evidence is factually insufficient to support the findings required by section 54.04(n). *See* Tex. Fam. Code Ann. § 54.04(n) (West Supp. 2005). We will affirm the order of the trial court.

### Factual and Procedural Background

E.G. was adjudicated for truancy, a status offense, and on October 28, 2004, he was given nine months' probation in his home under the supervision of his mother. *See id*. § 51.02(15) (West Supp. 2005) ("status offender" is a child accused, adjudicated, or convicted of conduct that would not be a crime if committed by adult, such as truancy or curfew violation). According to a

report by E.G.'s probation officer that was introduced into evidence before the trial court, E.G.'s mother complained in March 2005 that E.G. had frequently violated the curfew set out in his probation order, E.G. did not timely enroll in a GED program as required by his probation, and on March 16, 2005, E.G. tested positive for marihuana in violation of Rule No. 3 of the probation order, which prohibited the use of "alcohol, inhalants, or illegal drugs."

The district attorney filed a motion to modify E.G.'s original disposition order, and the trial court held a hearing on the motion on April 7. During the adjudication phase of the hearing, E.G. pled true to violating Rule No. 3. During the disposition phase, the court heard from E.G. and E.G.'s mother, who also submitted a letter to the court "beg[ging]" the court to send her son to boot camp. The trial court considered reports by E.G.'s probation officer and Dr. Michael Scott McNeil, who conducted a psychological evaluation of E.G. shortly before the hearing. The probation officer recommended in-home probation with intensive therapy, but Dr. McNeil recommended that E.G. be placed in a "controlled therapeutic environment where he can receive behavioral, substance abuse, and related therapies." The court extended E.G.'s probation until December 7, 2005, and placed him in secure confinement at the Hays County Boot Camp for the duration of his probation period. E.G. appeals, arguing that the court abused its discretion in placing him in secure confinement because it did not satisfy the requirements of section 54.04(n) of the family code.

## Applicability of Section 54.04(n)

E.G. contends that the court abused its discretion in modifying his disposition to extend his probation and place him in boot camp because (1) the court did not satisfy the requirements of section 54.04(n) when ordering that he be removed from his home and placed in

2

secure confinement, and (2) the evidence is factually insufficient to support the findings required under section 54.04(n).[1]

Section 54.04(n) provides that after a disposition hearing, a juvenile classified as a status offender and adjudicated for violating a court order may be placed in secure confinement only if before the court order was issued, the child received all the due process protections guaranteed by the federal and state constitutions, and if the juvenile probation department files a report showing that the probation department: (1) "reviewed the behavior of the child and the circumstances under which the child was brought before the court"; (2) determined the reasons for that behavior; and (3) "determined that all dispositions, including treatment, other than placement in a secure detention facility or secure correctional facility, have been exhausted or are clearly inappropriate." Tex. Fam. Code Ann. § 54.04(n). E.G.'s disposition was modified and he was placed in boot camp because he violated the terms of his original status-offender disposition. Since his probation officer recommended placement at home, not in a secure facility, E.G. contends that the modification placing him in boot camp violates section 54.04(n) and is an abuse of discretion.

However, the supreme court has held that section 54.04 findings are only required when making an initial disposition, not in a modification proceeding. *In re J.P.*, 136 S.W.3d 629, 630-31, 633 (Tex. 2004) ("The plain language of the Juvenile Justice Code requires different

---

[1] The State contends that E.G. did not properly preserve error because he did not make a timely objection, motion for new trial, or motion to modify judgment in the trial court below. *See* Tex. R. App. P. 33.1(a). However, in an appeal from a nonjury case, an appellant may attack the legal or factual insufficiency of the evidence for the first time on appeal. Tex. R. App. P. 33.1(d). E.G. raises the issue of factual insufficiency of the evidence, arguing that the record before the trial court at the disposition phase of the hearing did not include the required determination by the probation department under section 54.04(n) of the family code and, therefore, was factually insufficient to support commitment to a secure facility. *See* Tex. Fam. Code Ann. § 54.04(n) (West Supp. 2005). We will address the merits of E.G.'s appeal.

3

findings in initial orders committing a juvenile to TYC than in modified orders that do so."). In *J.P.*, the child challenged the modification order placing him in secure confinement, arguing that the order did not include the findings required under section 54.04(i). *Id.* at 631; *see* Tex. Fam. Code Ann. § 54.04(i) (requiring findings that (1) placement outside home is in child's best interests, (2) reasonable efforts were made to prevent need for placement outside home, and (3) home does not provide care and supervision needed to meet terms of probation). The court, in an attempt to "give effect to this difference in plain language unless doing so violates other provisions of the statute," contrasted section 54.04 (entitled "Disposition Hearing") with section 54.05 (entitled "Hearing to Modify Disposition") and concluded that the "Legislature provided different rules for different stages of a juvenile proceeding" and "provided for differences in disposition orders depending on the stage of the proceedings."[2] 136 S.W.3d at 630-32; *see also In re P.W.,* No. 03-04-00562-CV, 2005 Tex. App. LEXIS 6965, at *7 (Tex. App.—Austin Aug. 25, 2005, no pet.) (mem. op.) (in modification hearing, trial court need not consider alternatives to secure confinement); *In re J.D.,* No. 03-03-00511-CV, 2004 Tex. App. LEXIS 6254, at *3-4 (Tex. App.—Austin July 15, 2004, no pet.) (mem. op.) (not all findings required in initial disposition order are required when modifying existing disposition).

Although *J.P.* concerned section 54.04(i), not subsection (n), the opinion's broad language seems to encompass all subsections of 54.04. *See* 136 S.W.3d at 633. Based on the

---

[2] After *J.P.* issued, the legislature amended section 54.05, adding subsection (m) to require section 54.04(i) findings when modifying a disposition order to place a child on probation outside the home or commit the child to the Texas Youth Commission. *See* Tex. Fam. Code. Ann. § 54.05(m) (West Supp. 2005). Section 54.05(m) did not become effective until September 1, 2005, and therefore does not apply to this appeal. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 949, §§ 15, 54, 2005 Tex. Gen. Laws 3198, 3205, 3218.

4

supreme court's interpretation of sections 54.04 and 54.05, we conclude that the modification of an existing juvenile disposition order is governed by section 54.05, not section 54.04, unless a provision of section 54.05 specifically states otherwise.[3] *Id*. at 630, 633; *see* Tex. Fam. Code. Ann. §§ 54.04, .05 (West Supp. 2005). Therefore, the findings required in an original disposition under section 54.04(n) are not required in a modification under section 54.05. *See* Tex. Fam. Code. Ann. §§ 54.04(n), .05; *J.P.*, 136 S.W.3d at 630, 633.

Although the supreme court's opinion in *J.P.* controls our decision in this case, we write further to point out confusion raised by the language used in the juvenile justice code and its definitions and cross-references to chapter 264, which governs child welfare services.

Section 54.04(n) provides that a trial court "may order a disposition of secure confinement of a status offender adjudicated for violating a valid court order only if": before the court order was issued, the child received all the due process protections guaranteed by the federal and state constitutions; and the juvenile probation department files a report showing that the department (1) "reviewed the behavior of the child and the circumstances under which the child was brought before the court," (2) determined the reasons for the child's behavior, and (3) "determined that all dispositions, including treatment, other than placement in a secure detention facility or secure correctional facility, have been exhausted or are clearly inappropriate." Tex. Fam. Code Ann. § 54.04(n)(2). A "status offender" is a child adjudicated for conduct that is only a crime due to the child's age, such as truancy or running away from home. *Id*. § 51.02(15). A "valid court order" is

_____

[3] For example, section 54.05(j) provides that the commitment of a child to the Texas Youth Commission for a violation of a probation condition under section 54.04(q) must comply with section 54.04(d)(3). Tex. Fam. Code. Ann. §§ 54.04(d)(3), .05(j) (West Supp. 2005).

defined as a "court order entered under Section 54.04 concerning a child adjudicated to have engaged in conduct indicating a need for supervision as a status offender." *Id*. § 51.02(17). "Conduct indicating a need for supervision" is defined as: conduct other than a traffic offense that amounts to a misdemeanor punishable by fine only or that violates penal ordinances of a political subdivision; absence from school for ten days or more within a six-month period in the same school year or for three days or more within a four-week period; running away from home "for a substantial length of time or without intent to return"; inhalation of paint or similar fumes; a violation of a school district's written standards of student conduct for which the child has been expelled; or "conduct that violates a reasonable and lawful order of a court entered under Section 264.305" of the family code. *Id*. § 51.03(b) (West Supp. 2005); *see id*. § 264.305 (West 2002).

Under chapter 264 of the family code, the Department of Family and Protective Services may file a civil action asking a court, "other than a juvenile court," to find a child is an "at-risk" child. *Id*. § 264.303(a) (West 2002). If such an action is filed, the trial court must hold a hearing and must determine that the child is at risk if the child: engages in conduct other than a traffic offense that violates the Texas Penal Code or a political subdivision's penal ordinances; skips school for ten or more days within a six-month period or three or more days within a four-week period; runs away from home "for a substantial amount of time or without intent to return"; violates laws concerning driving while intoxicated or under the influence of drugs; or "evidences a clear and substantial intent to engage in any of the behavior described" above. *Id*. § 264.304 (West 2002). Section 264.305 provides that if the court finds that a child is at risk, it may order the child or his caretakers to participate in services provided by the Department. *Id*. § 264.305(a) (West 2002). If the child violates a court order issued pursuant to section 264.305 by failing to participate in court-

6

ordered services, that child "engages in conduct indicating a need for supervision," and the Department must "refer the child to an appropriate juvenile authority for proceedings" under the juvenile justice code, which includes chapters 51, 52, 53, and 54. *Id*. § 264.306(a) (West 2002); *see id*. §§ 51.01-54.11 (West 2002 & Supp. 2005).

Read as a whole, it would seem to make most sense to interpret section 54.04(n) as applying to a child who violated a court order entered pursuant to chapter 264. However, section 51.02's definition of "valid court order" refers only to orders entered under section 54.04 and ignores orders entered pursuant to chapter 264, which is referenced by section 51.03's definition of conduct indicating a need for supervision. *Id*. §§ 51.02(17), 54.04(n). Thus, section 54.04(n) must be read to apply only to the disposition of a status offender adjudicated for violating a *preexisting* court order issued under section 54.04. Section 54.04, titled "Disposition Hearing," has been held by the supreme court to apply to initial disposition orders, not modifications. *See id*. §§ 51.02(15), (17), 54.04(n); *J.P.*, 136 S.W.3d at 630-31, 633.

Although the statutes are somewhat confusing and it is not entirely clear to whom section 54.04(n) is intended to apply, we can be sure that it does not apply to E.G. In ordering E.G. to attend boot camp, the trial court did not "order a disposition of secure confinement of a status offender adjudicated for violating a valid court order." Tex. Fam. Code Ann. § 54.04(n). Instead, E.G. was *adjudicated for truancy* and ordered to probation in his home under the original disposition order, and the trial court later modified the original disposition due to probation violations and ordered E.G. to attend boot camp under the modified order.

Under section 54.05 as it read at the time of E.G.'s modification hearing, a trial court could only modify a juvenile's existing disposition order to extend probation and place him in secure

7

confinement under certain conditions: (1) a hearing was required; (2) the trial court could consider certain written reports in making its determination, as long as they were provided to the child's attorney in advance; (3) the court had to specifically state in the modification order its reasons for modifying the disposition; and (4) the court had to provide a copy of the modification order to the child. *See id.* § 54.05(d), (e), (i) (now supplemented by subsection (m)); Act of May 27, 2005, 79th Leg., R.S., ch. 949, § 15, 2005 Tex. Gen. Laws 3198, 3205. E.G. does not contend that those requirements were not met, and the record contains sufficient evidence to support the decision to send E.G. to boot camp in the form of the probation department's report, his mother's letter, and Dr. McNeil's report and recommendations. We overrule E.G.'s issue on appeal.

## Conclusion

We have held that an order modifying a juvenile disposition is not subject to the requirements of section 54.04(n). The trial court followed the requirements for modifying disposition orders set out in section 54.05 as it read at the time and had sufficient evidence before it to support its determination. Therefore, we affirm the trial court's order modifying E.G.'s disposition and placing him in boot camp.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 28, 2006

8